## COMMONWEALTH AMUSEMENT ENTERPRISES, Inc. v. COLONIAL THEATRES CO., Inc. et al.

### No. 6532.

United States District Court
D. Massachusetts.

March 19, 1937.

George S. Ryan and David M. Watchmaker, both of Boston, Mass., for plaintiff.

Edward F. McClennen and Jacob J. Kaplan and Nutter, McClennen & Fish, all of Boston, Mass., for defendants Vitaphone

---

764

Distributing Corporation, First National Pictures Distributing Corporation, Universal Film Exchange, Inc., United Artists Corporation, R. K. O. Distributing Corporation, Vitagraph, Inc., Fox Film Corporation, Metro Goldwyn Mayer Distributing Corporation, and Paramount Pictures Distributing Co., Inc.

Daniel A. Canning and Frank W. Crocker, Ropes, Gray, Best, Coolidge & Rugg, Edward F. McClennen, Jacob J. Kaplan and Nutter, McClennen & Fish, all of Boston, Mass., for defendant Columbia Pictures Corporation.

Joseph S. O'Neill, Dolan, Morse & Stebbins, and Dolan, O'Neill & Balch, all of Boston, Mass., and O'Brien, Driscoll & Raftery, of New York City, for defendant Colonial Theatres Co., Inc.

SWEENEY, District Judge.

The plaintiff has sued the defendant, Colonial Theatres Company, Inc., and others, under the antitrust laws of the United States. The defendant has filed a plea in abatement and a motion to dismiss, both denying the jurisdiction of this Court over this defendant. The plaintiff contends that jurisdiction lies under 15 U.S.C.A. § 22, section 12 of the Clayton Act.

The plaintiff is a corporation with a principal place of business in Boston, Massachusetts, and operates a theatre in Nashua, New Hampshire. The defendant is a New Hampshire corporation, and operates two theatres in Nashua, New Hampshire, which is its principal place of business. It also maintains an office in New York City for the purpose of negotiating for and procuring pictures to be exhibited in its theatres in Nashua. The buyer and booker of the defendant corporation negotiates annually during the spring, and continuing throughout the summer and fall, with sales representatives of each of the producers of motion pictures with whom he wants to do business. These negotiations are conducted entirely in New York. After a contract has been entered into between the defendant and the producers, through their New York agents, it becomes necessary for the defendant to come to Boston from time to time for the purpose of co-ordinating the available pictures with its schedule of exhibitions in Nashua. The purpose in coming to Boston is not to enter into further negotiations, or do any business within the commonly accepted meaning of that term, but is purely mechanical in the sense that the pictures then available in Boston may be best fitted into the defendant's schedule.

The producers of motion pictures maintain an exchange at Boston which is the distributing point for all of New England. It is only because the distribution point is located within the State that it is necessary for the defendant to come here.

15 U.S.C.A. § 22 provides as follows: "Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found."

It is the contention of the plaintiff that the act of the defendant in coming into this State for the purpose of co-ordinating its schedule with the availability of pictures is transacting business within the meaning of the statute. I do not believe that this contention is sound. Whatever business the defendant does with the producers is fully executed in New York, and the mere fact that it is compelled to come into Boston to arrange for day and date schedules cannot be construed reasonably to mean that it "transacts business" in Boston or within this district. In Jeffrey-Nichols Motor Co. v. Hupp Motor Car Corporation, 46 F.2d 623, the Circuit Court of Appeals for this District has held that in order to come within the meaning of "transacts business" as used in this statute, it is not necessary to maintain an office or place of business or an agent within the district. However, in that case the Court pointed out that the defendant, engaged in the business of manufacturing automobiles in Michigan, was equally interested in the distribution of its product; that it entered into contracts with distributors; that it maintained an oversight or contact with the work of the distributors, and advised and assisted

them in the distribution of their product; that it issued a warranty of articles sold in Massachusetts which was binding on the defendant; and that, all in all, it showed a well-defined plan and intent on the part of the manufacturer to dispose of its product in Massachusetts, and thus attempted to transact business within the district.

In the present case there appears to be no intent or plan on the part of the defendant to dispose of its product within this district, and neither is there any business done within this district for the procurement of the product. It neither buys nor sells its product in this district. In the light of the foregoing, I am of the opinion that the defendant ought not to be held to answer to the plaintiff's action in this district, and that the writ in this action should be abated, and the motion to dismiss be allowed.