## ROGERS v. ARZT et al.

District Court, S. D. New York.
March 7, 1941.

David Hoffmann, of New York City, for plaintiff.

Weil, Gotshal & Manges, of New York City, for B. Charles Gould and others.

582

Horace S. Manges, of New York City (Leonard L. Kalish, of Philadelphia, Pa., of counsel), for Blossom Products Corporation.

MANDELBAUM, District Judge.

The court has before it three motions:

First, the defendant, Blossom Products Corp. seeks to quash the alleged service of the summons upon it;

Second, defendants, B. Charles Gould, Nat Baumgart and Ohrbachs, Inc., have moved to vacate and set aside their respective defaults in failing to serve and file their answer within the prescribed time;

Third, said defendants also affirmatively move to compel the plaintiff herein to post security for costs.

■ Service of the summons and complaint upon defendant, Blossom Products Corp., was effected by delivering a copy of the summons and complaint herein upon one Mary A. Hellerley. In her affidavit filed in support of this motion she swears that she is employed by the Rayon Corp. of America (not a party to this suit) in the capacity of a stenographer and telephone switchboard operator. She states that she is "not an officer, nor managing agent, nor general agent of Blossom Products Corporation, nor have I ever been authorized to accept service of process in behalf of Blossom Products Corporation." Such service of process does not comply with the requirements of Rule 4(d) (3) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, nor 28 U.S.C.A. § 109. Cf. Goetz v. Interlake S. S. Co., D.C., 47 F.2d 753, 757. The motion to quash the service of the summons and complaint herein must be granted.

■ With respect to defendants, B. Charles Gould, Nat Baumgart and Ohrbachs, Inc., motions to vacate their defaults in not serving their respective answers herein, I am of the opinion, from a reading of the submitted papers, that these defaults arose out of a misunderstanding between counsel for the respective parties. Therefore these motions are granted and the said defendants are directed to file their answers within ten (10) days after entry of an order herein.

■ These same defendants also move to require the plaintiff to post security for costs as to each defendant. The problem of security for costs is not covered either by any federal statute or rule of civil procedure. Rule 34, however, of this district's local rule provides that in that event the old equity practice must be resorted to with respect to procedural problems. The granting of security for costs under the old equity practice was within the discretion of the court. In light of the facts disclosed, I am inclined not to grant the application. Motion denied.

Settle order on notice.