**DAZIAN'S, Inc. v. SWITZER BROS., Inc. et al.**

Civ. 27447.

United States District Court
N. D. Ohio, E. D.

Sept. 12, 1951.

See also, 14 F.R.D. 24.

Bates, Teare & McBean, Albert R. Teare, Cleveland, Ohio, for plaintiff.

Albert L. Ely, Jr., Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is a suit by Dazian's, Inc., a New York corporation, for a declaratory judgment of patent invalidity and non-infringement of U. S. Letters Patent 2.417.383, 2.417.384, 2.475.529, 2.450.085, and for unfair competition.

Switzer Brothers, Inc., et al., defendants, have filed an amended counterclaim charging plaintiff and Fluorescent Fabrics, Inc., additional party defendant to the counterclaim, with conspiracy to restrain trade and to engage in unfair competition in violation of Title 15 U.S.C.A. §§ 1, 14, 15 and 26.

Five motions are now before the court. They will be considered in order.

Motion for summary judgment by plaintiff, Dazian's, Inc.:

This motion is directed only to the question of infringement by plaintiff of the patents in suit. It is based upon alleged admissions by defendants that plaintiff has not infringed their patents, and upon the doctrine enunciated in Carbice Corporation of America v. American Patents Development Corp., 283 U.S. 27, 51 S.Ct. 334, 75 L.Ed. 819, that the owner of a patent may not employ his patent to secure a monopoly of unpatented material used in the patented device.

A careful consideration of the record does not disclose a full and complete admission by defendants that plaintiff has not infringed their patents. Defendants' admissions that they have not charged plaintiff with infringement (motion to dismiss), and that plaintiff has not infringed as to products which it sells about which defendants are presently informed (answer, paragraph 29), are not conclusive of the issue of infringement, especially in view of the fact that this issue is otherwise fully and fairly raised by the averments of paragraphs 5, 17, 22 and 29 of defendants' answer.

Plaintiff's further ground for summary judgment, viz., that the Carbice Doctrine makes it immune from suit for infringement, likewise is insufficient. The applicability of this doctrine to the present suit depends upon the scope of the patents in suit and the nature of the products manufactured by plaintiff, factual matters not fully developed in the present record. Summary judgment may not be granted where issues of fact are present for determination.

For the foregoing reasons, summary judgment will be denied.

Motion by Fluorescent Fabrics, Inc. to vacate the order making it a defendant to the counterclaim and to quash service of summons:

Fluorescent Fabrics, Inc. appears specially for the purposes of this motion. It is not an "inhabitant" of this District. It was made an additional defendant to the amended counterclaim by order of the Court upon assertions by defendants that

it "transacts business" in this District within the meaning of Title 15 U.S.C.A. § 22. Service of summons was had in California in accordance with the provisions for extraterritorial service contained in Section 22.

The present motion calls for a redetermination of the jurisdictional question, previously considered ex-parte only, of whether Fluorescent Fabrics, Inc. "transacts business" in this District.

The following are the facts upon which determination rests:

Fluorescent Fabrics, Inc. conducts its business operations in Ohio entirely by mail order. It maintains no office in Ohio, and at no time have its salesmen solicited orders in Ohio nor offered the products of the company for sale in Ohio.

The Ohio business of the company consists of the mailing of catalogs and price lists upon request, and the subsequent shipment of products when an order is placed.

Ohio business comprises only a small part of the total volume of business of the company. The company's customers lists reveal that of approximately ten thousand customers, there are only six in Ohio who have been supplied with the products of the company upon receipt of their mail orders.

The foregoing compels the conclusion that Fluorescent Fabrics, Inc. does not "transact business" in this District within the meaning of Section 22.

The words of Section 22 crucial to a disposition of the present motion were interpreted by the Supreme Court in Eastman Kodak Co. v. Southern Photo Materials Co., 273 U.S. 359, 373, 47 S.Ct. 400, 403, 71 L.Ed. 684. The Court stated "that a corporation is engaged in transacting business in a district * * * if in fact, in the ordinary and usual sense, it 'transacts business' therein of any substantial character."

The Supreme Court's interpretation has been followed in a number of subsequent cases. U. S. v. Scophony Corp. of America, 333 U.S. 795, 68 S.Ct. 855, 92 L.Ed.

650

1091; Jeffrey-Nichols Motor Co. v. Hupp Motor Car Corporation, 1 Cir., 46 F.2d 623; Commonwealth Amusement Enterprises, Inc. v. Colonial Theatres Co., D.C., 79 F. Supp. 763; Windsor Theatre Co. v. Loew's, Inc., D.C., 79 F.Supp. 871; Winkler-Koch Engineering Co. v. Universal Oil Products Co., D.C., 70 F.Supp. 77. In U. S. v. Scophony Corp. of America, Jeffrey-Nichols Motor Co. v. Hupp Motor Car Corporation and Winkler-Koch Engineering Co. v. Universal Oil Products Company, supra, it was found that the corporation was transacting business in the District, and jurisdiction over the corporation was sustained. Unlike the present case, however, there were present in these cases indicia of everyday business operations of a substantial character.

It appearing, therefore, that the court cannot acquire jurisdiction over the person of Fluorescent Fabrics, Inc. because it does not "transact business" in this District, the motion will be sustained.

Motions by Plaintiff, Dazian's, Inc., to dismiss the amended Counterclaim:

■ ▆ It is unnecessary to go into the substance of these motions, in view of the fact that the motion to vacate the order making Fluorescent Fabrics, Inc. an additional party, and to quash service of summons, is being sustained. The amended counterclaim cannot stand when Fluorescent Fabrics, Inc.; an indispensible party, is not before the Court. Mallow v. Hinde, 12 Wheat. 193, 6 L.Ed. 599; Kohler v. McClellan, D.C., 77 F.Supp. 308.

Motion by defendants, Switzer Brothers, Inc., for production of Documents:

The necessity for this motion, ancillary to the motion to vacate the order making Fluorescent Fabrics a party and to quash service of summons, is obviated by the Court's disposition of the principal motion. It was felt that sufficient facts were presented to the Court to enable it to rule on the principal motion without the need for resort by the parties to discovery proceedings.

The orders of the Court will be in accordance with the disposition of the motions indicated herein.