**METROPOLITAN THEATRE COMPANY, Plaintiff,**

**v.**

**WARNER BROTHERS PICTURES, Inc., et al., C. & F. Theatre Company, Defendants.**

United States District Court, S. D. New York.

June 22, 1954.

See also, 12 F.R.D. 516.

William Gold, New York City, by J. Robert Ellner, New York City, for plaintiff.

Palmer, Serles, Delaney, Shaw & Pomeroy, New York City, by Lawrence Pomeroy, and John G. Pare, New York City, for defendant C. & F. Theatre Co.

BONDY, District Judge.

These are motions by the defendant, C. & F. Theatre Co., hereinafter referred to as C. & F., to quash service of the summons and complaint, to dismiss the action for lack of jurisdiction on the ground that C. & F. was not transacting business within this District within the meaning of Section 12 of the Clayton Act, 15 U.S.C.A. § 22, and to vacate a notice by the plaintiff to take depositions in connection with plaintiff's request for a hearing on the motion to dismiss.

This is an action under the anti-trust laws. Sixteen of the twenty named defendants were served in October, 1951. C. & F. allegedly was served on July 23, 1953 by leaving a copy of the summons and complaint with "Dolores Dooley, General Manager (authd to accept service)".

In an affidavit of Dorothy Dooley it is stated that she was the person to whom the Marshal handed the copy of the summons and complaint, that her name is Dorothy not Dolores Dooley, that she is not and never has been the general manager of C. & F. nor an officer, agent or employee thereof and that she never has been authorized to accept service on behalf of C. & F. These statements are corroborated in the affidavit of Thomas F. J. Friday, Vice-President and Treasurer of C. & F. They are not contradicted.

█ Plaintiff relies upon the marshal's return and contends that it creates an issue calling for a preliminary hearing. Section 4(d) (3) of the Federal Rules of Civil Procedure, 28 U.S.C.A., states that service may be made upon a corporation by delivery of a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.

Section 4(d) (7) provides that service may also be made in the manner prescribed by the law of the state in which the service is made, in an action brought in the courts of general jurisdiction of that state. Section 229 N.Y. Civil Practice Act. In the absence of any contradiction of the facts set forth in the affidavits submitted by the defendant, after the plaintiff was given an opportunity to contradict, the delivery of the summons and complaint to Dorothy Dooley can not be considered service on C. & F. and the motion to quash is granted. Cf. Henderson v. Richardson Co., 4 Cir., 25 F.2d 225, 227, 228.

█ The marshal's return is not conclusive as to the facts recited therein, Mechanical Appliance Co. v. Castleman, 215 U.S. 437, 442, 30 S.Ct. 125, 54 L.Ed. 272; Quett Electrical Starting Gate Corp. v. Thistle Down Co., D.C., 2 F.R.D. 550, 551; 2 Moore's Federal Practice (2nd Ed.) p. 1040, and the absolutely unsupported conclusion of the Marshal can not be considered as establishing service on the defendant in view of the uncontradicted statements in defendant's affidavits. See Thomas v. Furness (Pacific) Limited, 9 Cir., 171 F.2d 434; Sunbeam Corp. v. Payless Drug Stores, D.C., 113 F.Supp. 31, 45, 46; Fulton v. Twentieth Century-Fox Film Corp., D.C., 111 F.Supp. 874; Rohfing v. Cat's Paw Rubber Co., D.C., 99 F.Supp. 886, 889, 893; Griffin v. Illinois Central R. Co., D.C., 88 F.Supp. 552, 555; Rogers v. Arzt, D.C., 1 F.R.D. 581, 582; Goetz v. Interlake S. S. Co., D.C., 47 F.2d 753, 757.

Even if the service were held to be good it does not appear that this defendant was transacting business in this district.

In the affidavit of Thomas Friday, Vice-President and Treasurer of C. & F., it is stated that C. & F. is a Rhode Island corporation with its principal office and place of business in that State, that it is engaged in the business of exhibiting motion pictures in Rhode Island, that

the defendant never qualified to do business in New York, that the defendant never transacted any business in the State of New York, that the defendant has a bank account in New York which has been "substantially inactive", that while the Treasurer of C. & F. personally maintained an office in New York before 1935, on the door of which he caused defendant's name to be placed, that the Treasurer had not maintained any office in New York City since 1935, that the listing of the defendant's name remained in the building directory until recently through an oversight, that C. & F. has not had any officer, agent or employee in New York since 1935; that C. & F. never had an office in New York City, that it never had a telephone listing in New York, and that defendant has not done any film booking in New York. Although in the affidavit of Byron Linn, film buyer and booker for C. & F. it is stated that he had some discussions in New York regarding a film lease and the installation of cinemascope in the Rhode Island theatre, it is also stated that defendant did not do any booking in New York in the last three years.

In an affidavit of plaintiff's attorney it is stated that he had been informed that the defendant in many cases contracted in New York State for exhibition of motion pictures in its theatres elsewhere and that he learned that C. & F. maintained an office in New York and frequently purchased films for exhibition directly through the New York office rather than dealing with the Boston offices. All of these statements are made on information and belief by plaintiff's attorney without specifying the sources of information. Cf. Henderson v. Richardson & Co., supra.

■■ In order to sustain jurisdiction the plaintiff must establish that the defendant is found or transacts business in this district. 15 U.S.C.A. § 22. The test is the practical, every day business or commercial concept of doing or carry-

ing on business of any substantial character. United States v. Scophony Corp. of America, 333 U.S. 795, 807, 68 S.Ct. 855, 92 L.Ed. 1091; Eastman Kodak Co. of New York v. Southern Photo Materials Co., 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684. Booking films and other similar activities do not establish that a corporation was transacting business within the District under Section 12 of the Clayton Act. Windsor Theatre Co. v. Loew's Inc., D.C., 79 F.Supp. 871, 873; Commonwealth Amusement Enterprises v. Colonial Theatres Co., D.C., 79 F. Supp. 763, 764.

The motions to quash the service and to dismiss the action against C. & F. are granted.

Settle order on notice.