GUERNSEY–MUSKINGUM ELECTRIC COOPERATIVE, INC., Morrow Electric Cooperative, Inc., Paulding-Putnam Electric Cooperative, Inc., and South Central Rural Electric Cooperative, Inc., Corporations, Plaintiffs,

v.

FEDERAL PACIFIC ELECTRIC COMPANY, General Electric Company, I–T–E Circuit Breaker Company, Joslyn Mfg. and Supply Co., H. K. Porter Company, Inc., Schwager-Wood Corp., Southern States, Inc., and Westinghouse Electric Corporation, Defendants.

Civ. A. No. 6215.

United States District Court
S. D. Ohio, E. D.
June 23, 1962.

As Amended July 11, 1962.

George, Greek, King & McMahon, Columbus, Ohio, for plaintiffs.

Summer, Hoffman & Bowsher, Columbus, Ohio, for defendant Schwager-Wood Corp.

WEINMAN, Chief Judge.

This matter is before the Court upon the motion of defendant Schwager-Wood Corporation to dismiss this action as to said defendant on the ground that venue is improper in the Southern District of Ohio.

The defendant corporation has filed, in support of its motion to dismiss, an affidavit made by its President. Said affidavit provides in part:

"Schwager-Wood Corporation, an Oregon corporation, was organized on April 9, 1946 and dissolved on November 6, 1959.

"Schwager-Wood Corporation at all times has maintained its offices and manufacturing facilities only in Portland, Oregon, and at no time has had any such offices or facilities in the State of Ohio.

"Schwager-Wood Corporation has not ever been licensed or qualified to transact business in Ohio and has never sought or been obliged to be so licensed or qualified. It has not done or transacted business in Ohio,

has not ever based any of its employees in Ohio, and has not ever authorized any person in Ohio to accept service on its behalf. It has not ever had any real or personal property in the State of Ohio. It has not ever had any subsidiary or controlled corporation in Ohio or elsewhere. It at no time has been engaged either directly or indirectly in any manufacturing, installation, assembly, repair or other operations within that state except for one visit by a Schwager-Wood engineer, of about one day's duration, for the purpose of assisting in the assembly of a switch. It has not otherwise ever had any officers, employees or agents who at any time visited the State of Ohio for any purpose in any way connected with the business of Schwager-Wood Corporation. It has not ever had any contractual relationship with any distributor, wholesaler, dealer or manufacturer's or other selling representative in Ohio, or with any person located elsewhere and authorized or directed to solicit business or receive orders on said corporation's behalf in Ohio. Nobody presently in the employ of Schwager-Wood Corporation can recall any solicitation of business by mail, telephone or other communication into the State of Ohio.

"Schwager-Wood Corporation has not ever sold anything to any of the plaintiffs or to anybody else within the State of Ohio.

"Schwager-Wood Corporation made only twelve shipments to variout points within the State of Ohio from the date of its organization on April 9, 1946, until the date of its dissolution on November 6, 1959. The average value of these twelve shipments was $3,521.00. Of these twelve shipments, only seven were made into the Southern District of Ohio, and the average value of these seven was $3,835.00. All twelve shipments were made f. o. b. Portland, Oregon, to investor-owned utilities in Ohio which were not the corporations with whom the contracts for the sale of these goods were entered into. These contracts were executed outside the State of Ohio with persons whose offices were outside the State of Ohio and who directed where the shipments should be made. The consideration paid for the above shipments which were made into the Southern District of Ohio amounted to only about 0.35 of 1% of the gross sales of Schwager-Wood Corporation during the fiscal years encompassing the first and last of those shipments."

The legal questions involved in this matter are identical to those considered by this Court in Ohio-Midland Light and Power Co. v. Ohio Brass Company et al., and Buckeye Rural Electric Co-op, Inc. et al. v. Ohio Brass Company et al., D.C. S.D.Ohio, 221 F.Supp. 405. Today, the Court has entered its Memorandum and Order in the foregoing cases and sees no need to repeat what it has already stated. Therefore, the discussion of law in the foregoing cases is hereby incorporated into this Memorandum and Order.

Applying said law to this action, the the Court concludes that the contacts of defendant Schwager-Wood Corporation within this district are not sufficient to constitute "transacting business" within the district.

Accordingly, the motion of defendant Schwager-Wood Corporation to dismiss this action as to said defendant is hereby sustained.

In accordance with Rule 54(b) of the Federal Rules of Civil Procedure, as amended effective July 19, 1961, the court expressly determines that no just reason exists to delay the dismissal of these actions as to said defendant, and expressly directs the Clerk to enter judgment as herein provided.

It is ordered, that this action be dismissed as to defendant Schwager-Wood Corporation.