**LOWER COLORADO RIVER AUTHORITY, Plaintiff,**

v.

**WESTINGHOUSE ELECTRIC CORPORATION, Schwager-Wood Corporation, Schwager-Wood Company, Inc., et al., Defendants.**

Civ. A. No. 1250.

United States District Court
W. D. Texas,
Austin Division.

July 15, 1963.

James W. Wilson, Powell, Rauhut, McGinnis, Reavley & Lochridge, Austin, Tex., for plaintiff.

John J. McKay, McKay & Avery, Austin, Tex., for defendants.

SPEARS, Chief Judge.

This controversy involves motions of the defendants Schwager-Wood Corporation and Schwager-Wood Company, Inc. to dismiss for improper venue and improper service of process. If venue lies in this district, the extraterritorial service of process was proper.

After having carefully considered the entire record, the briefs, and the arguments of counsel, I have concluded that defendants' motions should be denied.

There are nine defendants in this treble damage anti-trust suit. This is one of the approximately 1800 such cases filed in federal courts throughout the country. It was filed on February 2, 1962, and alleges a conspiracy in restraint of interstate trade and commerce, with respect to power switching equipment, beginning "as early as January, 1950, the exact date being unknown to plaintiff, and continuing thereafter at least until May 19, 1960". The defendants had been charged in a criminal proceeding to which Schwager-Wood Corporation entered a plea of nolo contendere. Judgment of guilt on such plea was entered on February 6, 1961.

Schwager-Wood Corporation was organized under the laws of the State of Oregon in 1946. Its stock was sold to the N W L Corporation (a New York concern) on March 31, 1959, under an arrangement whereby the purchaser acquired all of its assets, and the selling Corporation was dissolved. The dissolution of the Corporation took place on November 6, 1959, and its former business was operated as a division of the N W L Corporation, known as "Schwager-Wood Company".

In June of 1961, the persons who had originally owned the stock of Schwager-Wood Corporation organized a new corporation, Schwager-Wood Company, Inc., for the purpose of buying back the business from the New York owners. This purchase was accomplished and the new corporation presently operates the business.

The two Schwager-Wood Corporations are treated herein as a continuing entity.

In addition to the matters already stated, I have made the following findings of fact and conclusions of law:

*Findings of Fact*

(1) At least since 1954, Schwager-Wood has been represented in the Western District of Texas for sales purposes by manufacturers' representatives.

(2) One of such representatives resided in Denver, Colorado, but no sales in the Western District of Texas were made by that concern; one resided in the Northern District of Texas, but no orders solicited by such representative were placed from within the Western District of Texas; and one representative resided in the Western District of Texas, but no shipments to Texas were produced under that arrangement.

(3) The representative residing in the Northern District of Texas has called on the plaintiff from time to time on behalf of Schwager-Wood soliciting invitations to bid and other business.

(4) Each of said manufacturers' representatives was an independent contractor.

(5) Neither Schwager-Wood company has ever held a permit to do business in

Texas; nor has either maintained offices, employees or company personnel in Texas; nor has either owned properties in Texas, nor advertised in Texas, nor warehoused in this state.

(6) From April 17, 1950 to February 20, 1962, Schwager-Wood made forty-four sales, totalling $206,327.12, either to customers located in the Western District of Texas, or to customers outside the district for delivery and installation within the district.

(7) One of such sales was made in 1950; one in 1952; three in 1953; two in 1954; two in 1955; two in 1956; seven in 1957; three in 1958; two in 1959; thirteen in 1960; seven in 1961; and one in 1962.

(8) Of the total amount of such sales, $117,066.90 is represented by six sales to purchasers located in the Western District of Texas, including $31,585.00 to the plaintiff.

(9) The balance of $89,260.22 is represented by thirty-eight sales to customers located outside the Western District of Texas for delivery and installation in the district.

(10) These thirty-eight sales were made to five different customers, pursuant to orders originating outside the Western District of Texas, of products manufactured outside the district, and were delivered to carriers outside the district, f. o. b. Portland, Oregon, with the invoices having been sent from a point outside the district to other points outside the district.

(11) Except for a shipment made pursuant to one $38,850.00 order dated January 21, 1957, the value of the products involved in the thirty-eight sales averaged $1,443.52.

(12) The invoice value of all shipments made into the Western District of Texas during 1958 and 1959 aggregated $5,566.00 and $8,220.00, respectively, or 0.24 of 1% and 0.35 of 1%, respectively, of Schwager-Wood's gross sales during 1958, the last full year Schwager-Wood Corporation was in existence.

(13) The actual sales to customers in the Western District of Texas during 1960 and 1961 amounted to $38,710.00, of which $28,060.00 was to plaintiff.

(14) The sales to customers located outside the Western District of Texas for delivery and installation within the district during said years of 1960 and 1961 amounted to $24,886.17.

(15) The one sale in 1962 was dated February 20, 1962 (18 days after this suit was filed); it was made to a customer located in the Northern District of Texas, and it called for shipment to be made to a destination in the Western District of Texas.

(16) Between March 26, 1954 and May 16, 1962, there were forty price quotations, bids, or offers to sell by Schwager-Wood (excluding quotations resulting in actual sales), relating either to prospective purchasers located within the Western District of Texas, or to those located outside the district, but apparently contemplating shipments to be made to destinations within the district.

(17) Schwager-Wood Company, Inc. stipulated that it has assumed and agreed to pay all of the liabilities of Schwager-Wood Corporation and N W L Corporation.

*Conclusions of Law*

(1) The elements of substantiality of business done, with continuity in character, regularity, contemporaneousness with time of service, and not looking toward cessation of business, are all present in this case. See Commonwealth Edison Co. v. Federal Pac. Elec. Co., 208 F.Supp. 936 (N.D.Ill.1962),[1] where the

1. In this case (May 11, 1962) Judge Robson found that there were only six isolated, unsolicited sales of relatively unsubstantial amounts by Schwager-Wood Corporation to one customer; that the contracts for exclusive representation of that company had expired long before the suit was filed; and that the transactions were not continuous. He very properly concluded, under those circumstances, that the company did not transact business in the district within the meaning of the venue provisions of the anti-trust acts.

Court felt that one or more of such elements were lacking. Several other Courts have also dismissed Schwager-Wood from suits pending in their districts,[2] but in none of them, where the facts are known, was the situation similar to that in the instant case.

■ (2) Schwager-Wood's sales to customers in the Western District of Texas, and to other customers outside the district for delivery and installation in the district, including those delivered f. o. b. Schwager-Wood's Portland, Oregon, plant, constituted the transaction of business in this district within the meaning of section 12 of the Clayton Act, 15 U.S.C. § 22; Eastman Kodak Co. v. Southern Photo Materials Co., 273 U. S. 359, 47 S.Ct. 400, 71 L.Ed. 684 (1927); United States v. Scophony Corp. of America, 333 U.S. 795, 68 S.Ct. 855, 92 L.Ed. 1091; Green v. United States Chewing Gum Mfg. Co., 224 F.2d 369 (5th Cir. 1955); Pape Television Co. v. Associated Artists Prod. Corp., 277 F.2d 750 (5th Cir. 1960); Raul Int'l. Corp. v. Nu-Era Gear Corp., 28 F.R.D. 368 (S.D. N.Y., 1961); Gem Corrugated Box Corp. v. Mead Corp., 189 F.Supp. 584 (S.D.N.Y. 1960); Sunbury Wire Rope Mfg. Co. v. United States Steel Corp., 129 F.Supp. 425 (E.D.Pa.1955).

(3) Even though many of the sales involved herein were delivered to carriers outside this district, f. o. b. Portland, Oregon, with invoices having been sent from a point outside the district to other points outside the district, from the average businessman's point of view such shipments were delivered into the district and such deliveries constituted the transaction of business in this district. Sunbury Wire Rope Mfg. Co. v. United States Steel Corp., supra, cited with approval by the Fifth Circuit in Green v. United States Chewing Gum Mfg. Co., supra.

■ (4) The fact that Schwager-Wood's business within this district may have been small compared with its gross sales, is not the test of substantiality, because "if that were the rule, we would

---

2. The district court for the District of New Mexico (Chief Judge Rogers) in Pub. Service Comm. of New Mexico v. Fed. Pac. Elec. Co., 210 F.Supp. 1 (November 7, 1962), granted Schwager-Wood's motion to dismiss, because its business activities had been infrequent, isolated in character, and the few sales or deliveries of its products in that state were not the result of personal solicitation of any representative of the company in the state.

The district court for the Southern District of Ohio (Chief Judge Weinman) in Guernsey-Muskingum Elec. Cooperative, Inc. v. Fed. Pac. Elec. Co. (June 23, 1962), concluded that the contacts of the defendant within that district were not sufficient to constitute transacting business therein. There, only seven shipments had been made into the district from April 9, 1946 to November 6, 1959.

In City of Jacksonville v. Fed. Pac. Elec. Co. (July 12, 1962), Chief Judge Simpson of the Southern District of Florida thought that fourteen shipments totalling $206,004 from April 22, 1960 to October 13, 1960, justified granting Schwager-Wood's motion to dismiss for improper venue and for improper service. Judge Choate of the same district entered a similar order in Florida Power & Light Co. v. A. B. Chance Co. (August 6, 1962).

The district court for the District of Arizona (Judge Davis), in Arizona Pub. Ser. Co. v. Southern States Equip. Co. (December 13, 1962), granted Schwager-Wood's motion to dismiss when it appeared that during the calendar years 1956, 1957, 1958 and 1959 an aggregate of seventeen orders accounted for all shipments into that state.

Chief Judge Arraj of the District of Colorado in two consolidated cases, Pub-Ser. Co. of Colorado v. Fed. Pac. Elec. Co. and Colorado Ute Elec. Ass'n. v. Gen. Elec. Co. (September 11, 1962), dismissed Schwager-Wood when the record reflected that there were thirteen orders accounting for all shipments into that state during the calendar years 1956, 1957, 1958 and 1959.

Similar suits against Schwager-Wood were also dismissed by the district court of New Jersey in Pub. Ser. Elec. & Gas Co. v. Fed. Pac. Elec. Co. (December, 1962); by Judge Sirica of the district court for the District of Columbia, in Puerto Rico Water Resources Authority v. Fed. Pac. Elec. Co. (October 10, 1962); and by Judge Green of the district court for the Northern District of Ohio in The City of Dayton v. Schwager-Wood Corp. (June 22, 1962).

have different tests of substantiality applying to different corporations according to their size; a large corporation could, with impunity, engage in the same acts which would subject a smaller corporation to jurisdiction and venue." Green v. United States Chewing Gum Mfg. Co., supra.

(5) Venue lies as to both Schwager-Wood Corporation and Schwager-Wood Company, Inc., which, for all practical purposes are one and the same. See Gem Corrugated Box Corp. v. Mead Corp., supra.

The motions of Schwager-Wood Corporation and Schwager-Wood Company, Inc. to dismiss this cause as to them for improper venue and improper service are, therefore, in all things denied, and an order to that effect will be entered.