**J. & B. & S. RESTAURANT CORPORATION, INC., Plaintiff,**

v.

**HENRY'S DRIVE-IN, INC. et al.,**
**Defendants.**

**Civ. 1971–481.**

United States District Court,
W. D. New York.

Jan. 19, 1973.

Manchester & Andruschat, Buffalo, N. Y. (Thomas E. Andruschat, Buffalo, N. Y., of counsel), for plaintiff.

Ralabate, Nicosia & Nicosia, Buffalo, N. Y. (Frank R. Nicosia, Buffalo, N. Y., of counsel), and Peterson, Ross, Rall, Barber & Seidel, Chicago, Ill. (Theodore J. Tsoumas, John G. Campbell, Peter M. Sfikas and John W. McCullough, Chicago, Ill., of counsel), for defendant Henry's Drive-In, Inc.

Ralabate, Nicosia & Nicosia, Buffalo, N. Y. (Frank R. Nicosia, Buffalo, N. Y., of counsel), and Seymour F. Simon and Alan R. Kravets, Chicago, Ill., for defendant Michael Lewis Co.

Hodgson, Russ, Andrews, Woods & Goodyear, Buffalo, N. Y. (H. Kenneth Schroeder, Jr., Buffalo, N. Y., of counsel), for defendant Chas. U. Victor Co.

Brown, Kelly, Turner, Hassett & Leach, Buffalo, N. Y. (John E. Leach, Buffalo, N. Y., of counsel), for defendant Aetna Ins. Co.

CURTIN, District Judge.

This suit against five defendants purports to be a class action under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 26, and Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j.

Pending are motions by the four defendants who were served with process: Henry's Drive-In, Inc. [Henry's], Michael Lewis Company [Lewis], Chas. U. Victor Company [Victor], and Aetna Insurance Company [Aetna]. The motions seek the following relief:

(1) Dismissal of the complaint on the ground that venue does not properly lie in this judicial district [Lewis, Victor];

(2) Dismissal of the complaint on the ground that the court lacks personal jurisdiction over the defendant [Victor];

(3) Transfer of the action to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1404(a) [Henry's, Lewis, Victor, Aetna];

(4) Dismissal of Count I of the complaint or of particular paragraphs thereof as barred by 15 U.S.C. § 15b [Henry's, Lewis, Victor, Aetna];

(5) Dismissal of paragraph 15f of Count I of the complaint for failure to state a claim upon which relief can be granted [Henry's, Lewis];

(6) Dismissal of Count II of the complaint for failure to state a claim upon which relief can be granted [Henry's];

(7) Dismissal of the allegations of the complaint stating that the plaintiff brings suit as a representative of a class of franchisees similarly situated [Henry's];

(8) A more definite statement of the allegations of Count I of the complaint [Henry's]; and

(9) Striking of certain paragraphs of an affidavit submitted by the president of the plaintiff [Henry's].

At this time the court will rule on only points (1) and (2) of the forego-

ing, deferring action on the others pending the submission of further affidavits and memoranda discussed herein.

## VENUE

Section 12 of the Clayton Act, 15 U. S.C. § 22, contains a special standard for determining proper venue in an antitrust action brought against a corporation. The section provides that any suit under the antitrust laws may be brought not only in the judicial district of which the corporation is an inhabitant, but also in any district in which it is found or in which it transacts business. In the instant case, conceding that the defendants are not inhabitants of this district and have not been found here, the plaintiff seeks to justify its laying of venue by reliance upon the transacting business test.

The phrase "transacts business" has been defined by the Supreme Court. In Eastman Kodak Co. v. Southern Photo Materials Co., 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684 (1927), the Court said that ". . . a corporation is engaged in transacting business in a district . . . if, in fact, in the ordinary and usual sense, it 'transacts business' therein of any substantial character." 273 U.S. at 373, 47 S.Ct. at 403. Subsequently, in United States v. Scophony Corp., 333 U.S. 795, 68 S.Ct. 855, 92 L. Ed. 1091 (1948), the Court stated that the test of venue is "[t]he practical, everyday business or commercial concept of doing or carrying on business 'of any substantial character,'" 333 U.S. at 807, 68 S.Ct. at 862, and indicated that the factual determination is to be made by looking at "the actual unity and continuity of the whole course of conduct" of the corporation. 333 U.S. at 817, 68 S.Ct. at 866.

Among the factors manifesting the transaction of business in a particular judicial district are (1) a place to do business, (2) people to carry on business, (3) tangible property, (4) subjection to state regulation, (5) business operations, (6) manifestations of doing

business, and (7) goodwill activities. Note, Venue in Private Antitrust Suits, 37 N.Y.U.L.Rev. 268, 283 (1962).

■ Turning to the facts of the instant case, Victor is an insurance agent and broker organized under the laws of Illinois, and its only place of business is in Chicago. The company has never been licensed to conduct business in New York, and it has never had an office, telephone, representative, agent or employee in the Western District of New York. Victor has never advertised its business in this judicial district, and its employees have made only three trips, each of one day's duration, to the district in connection with the insurance coverage of its customers. Victor has insured several Henry's franchisees located in the Western District of New York. At the request of Henry's, the franchisees have been included as additional assured parties on annual insurance policies sold to Henry's, an Illinois corporation whose principal place of business is located in Chicago. Except for three unsuccessful offers to franchisees not covered by the policies issued to Henry's, Victor has never solicited business in this judicial district. The only income ever received by Victor from this judicial district consists of commissions on the Henry's policies. The franchisees here have paid the premiums, which amounted to $2,131.43 in 1968, $3,569.96 in 1969, $4,757.51 in 1970, and $5,739.00 in 1971. In 1971, eleven of Victor's approximately 5,000 customers were located in the Western District of New York.

Lewis is a corporation which is organized under the laws of Illinois and which has never qualified to do business in New York. Its office is located in Melrose Park, Illinois, and it has never had an office, telephone, agent, salesman or distributor in the Western District of New York. Lewis has never maintained a bank account or other property in this judicial district, and it has never engaged in advertising here. Its officers and employees do not visit the district regularly. The last visit here by an of-

ficial of Lewis was to attend the opening of a Henry's Drive-In Restaurant in 1967, and the purpose of previous infrequent visits had likewise been for the purpose of creating good will among existing customers. Sales by Lewis are made on the basis of orders mailed or telephoned by customers to the office in Illinois. Sales to customers in the Western District of New York amounted to $71,386 in 1970, and $57,288 in 1971, less than two percent of the company's business in each year.

Despite other similarities in their situations, there is a substantial difference between Victor and Lewis in the dollar volume of their business in the Western District of New York. Victor's volume of less then $6,000 annually combined with the paucity of its personal contacts here leads the court to conclude that it does not carry on business of such substantial character that it should be determined to be transacting business here. See Albert Levine Associates v. Bertoni & Cotti, 309 F.Supp. 456 (S.D. N.Y.1970); Friends of Animals, Inc. v. American Veterinary Medical Ass'n, 310 F.Supp. 620 (S.D.N.Y.1970); Rhode Island Fittings Co. v. Grinnell Corp., 215 F.Supp. 198 (D.R.I.1963); Guernsey-Muskingum Electric Cooperative, Inc. v. Federal Pacific Electric Co., 221 F.Supp. 409 (D.Ohio 1962); Commonwealth Edison Co. v. Federal Pacific Electric Co., 208 F.Supp. 936 (D.Ill.1962); Reid v. University of Minnesota, 107 F.Supp. 439 (D. Ohio 1952); Dazian's, Inc. v. Switzer Bros., Inc., 111 F.Supp. 648 (D. Ohio 1951). This judicial district is therefore an improper venue for the plaintiff's action against Victor.

■ On the other hand, although Lewis' sales in the Western District of New York amounted to less than two percent of the company's annual business in the United States for the years in question, the court cannot say that from the viewpoint of the average businessman the amount involved was so insubstantial that this judicial district must be held to be an improper venue for the suit against Lewis. See B. J.

Semel Associates, Inc. v. United Fireworks Mfg. Co., 122 U.S.App.D.C. 402, 355 F.2d 827 (1965); Green v. U. S. Chewing Gum Mfg. Co., 224 F.2d 369 (5th Cir. 1955); Harco v. Ithaca Gun Co., 309 F.Supp. 585 (D. Utah 1969); Philadelphia v. Morton Salt Co., 289 F. Supp. 723 (E.D. Pa. 1968); School District of Philadelphia v. Kurtz Bros., 240 F.Supp. 361 (E.D. Pa. 1965); Lower Colorado River Authority v. Westinghouse Electric Corp., 219 F.Supp. 743 (W.D. Tex. 1963); Wentling v. Popular Science Publishing Co., 176 F.Supp. 652 (M.D. Pa. 1959).

## PERSONAL JURISDICTION

■ Victor was served in Chicago with the summons in this case. Since Chicago lies outside the territorial limits of the State of New York, the service in Chicago must be authorized by statute in order to be effective. *See* Fed.R. Civ.P. 4(f). Section 12 of the Clayton Act, 15 U.S.C. § 22, authorizes the service made on Victor only if venue properly lies in the Western District of New York. Since the court has held that this district is an improper venue for the action against Victor, Victor was not properly served, and the court lacks personal jurisdiction over the company. *See* Goldlawr, Inc. v. Heiman, 288 F.2d 579 (2d Cir. 1961), rev'd on other grounds, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962).

## TRANSFER

In support of the motions to transfer the instant action to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1404(a), Henry's has submitted affidavits which enumerate its franchisees, list the names and addresses of seven current and thirteen former employees whom its counsel states will be necessary witnesses in the defense of the action, and describe the general responsibilities of the thirteen former employees. Lewis' affidavit provides no information about why the action should be transferred. Aetna has submitted two affidavits which state that the records pertaining to the transactions with Aetna referred to in the complaint are kept in a regional office maintained by the company in Chicago, and that the persons who participated in the making of. the records are based in that office. In opposition to the motions, the president of the plaintiff has given an affidavit which states that all persons who would be its witnesses at trial reside in the Western District of New York and that, because of its precarious financial position, the plaintiff would have to abandon the instant action if it were transferred from this judicial district.

■■ Section 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." It is clear that the instant action may be transferred to the Northern District of Illinois if proper grounds for transfer exist. The term "any civil action" includes a suit brought under the antitrust statutes. *See* United States v. National City Lines, Inc., 337 U.S. 78, 69 S.Ct. 955, 93 L.Ed. 1226 (1949). Furthermore, because each of the three remaining defendants is amenable to service in the Northern District of Illinois,[1] and venue would be proper there under 28 U.S.C. § 1391(a) and (c), that district is one "where [the instant action] might have been brought."

■ In determining whether a transfer would be "[f]or the convenience of parties [and] in the interest of justice," courts look to a variety of criteria, *see*

1. The plaintiff contends that Aetna is not amenable to service of process in the Northern District of Illinois, but an affidavit by Aetna's counsel indicates that Aetna is licensed to sell fire and casualty insurance in the State of Illinois and is therefore subject to the jurisdiction of courts sitting within that state.

In re Antibiotic Antitrust Actions, 333 F.Supp. 299, 304–305 (S.D.N.Y. 1971); Grey v. Continental Marketing Associates, Inc., 315 F.Supp. 826, 831–832 (N.D. Ga. 1970), among which the most relevant for the instant case are (1) the plaintiff's choice of forum, (2) the existence of key witnesses who would be unavailable for, or inconvenienced by, trial in the original forum, and whose testimony cannot be effectively presented by depositions, and (3) the parties' relative financial ability to undertake trial in any particular forum. Before attempting to weigh these and other factors in the exercise of its discretion under Section 1404(a), the court desires further guidance from the parties on the following points.

■ (1) While the plaintiff's choice of a forum is a factor of great significance in determining whether a transfer should be granted, especially where he is a resident of the chosen forum, many recent cases indicate that his choice is entitled to less weight when he sues as representative of a class and that the court must consider as well the residences of the members of the class. *See* Polin v. Conductron Corp., 340 F.Supp. 602, 604–605 (E.D. Pa. 1972); Dutchen v. Ecological Science Corp., 54 F.R.D. 493, 496 (S.D.N.Y. 1971); Harris v. American Investment Co., 333 F.Supp. 325, 326–327 (E.D.Pa. 1971); Firmani v. Clarke, 325 F.Supp. 689, 691 (D. Del. 1971); Fogel v. Wolfgang, 48 F.R.D. 286, 289–290 (S.D.N.Y. 1969); Schneider v. Sears, 265 F.Supp. 257, 266 (S.D.N.Y. 1967). *Compare* Brody v. American Medical Ass'n, 337 F.Supp. 611, 612–613 (S.D.N.Y. 1971); Saperstone v. Kapelow, 279 F.Supp. 781, 783 (S.D.N.Y. 1968) (motion for transfer denied where plaintiffs and substantial percentage of represented classes resided in or near forum). The plaintiff shall submit a memorandum discussing the relevance of the foregoing cases to the instant action.

(2) The court does not believe that the affidavits submitted by Henry's are sufficient to inform the court of the reasons why each of the twenty individuals therein named would be key witnesses at trial of the instant action. Likewise, the affidavits of Aetna are insufficient. While the court recognizes that the testimony to be presented by the defendants would depend to a large extent on the proof offered by the plaintiff, each of the three remaining defendants who desires to press its motion to transfer the instant action shall submit affidavits listing the names and addresses of its witnesses who reside outside the Western District of New York, discussing in detail the necessity of their testimony to its case and explaining why it cannot properly present its case by using their depositions.

(3) The plaintiff shall explain how, in light of its claim of impecuniousness, it intends to conduct discovery from the thirteen former employees of Henry's, who are presumably not subject to subpoena issued from this court, *see* Fed.R. Civ.P. 4(d)(2), and from the seven present employees of Henry's and the pertinent employees of the other two remaining defendants.

(4) The plaintiff shall submit an affidavit setting forth a detailed estimate of the amount of money by which the cost of trial in the Northern District of Illinois will exceed the cost of trial in this judicial district. The estimate shall include (a) the cost of transporting the plaintiff's necessary witnesses between Buffalo and Chicago and of their room and board there, (b) any extra compensation which would have to be paid to the witnesses if trial were held in Chicago rather than in Buffalo, (c) the cost of transporting the plaintiff's necessary records and exhibits between Buffalo and Chicago, (d) the cost of transporting counsel for the plaintiff between Buffalo and Chicago and of his room and board there, (e) any additional compensation which would have to be paid to counsel for the plaintiff if trial were held in Chicago, and (f) any expenses other than those herein enumerated which would result from holding the trial of the instant action in Chicago.

(5) The defendants should state whether they would be willing, as a condition of the transfer of the instant action to Chicago, to assume the additional costs to the plaintiff occasioned by the transfer. *See* Nocona Leather Goods Co. v. A. G. Spalding & Bros., 159 F. Supp. 269 (D. Del. 1957, 1958).

The material required in (1), (3) and (4) from the plaintiff and in (2) from the three remaining defendants shall be submitted to the court and served upon opposing counsel no later than February 23, 1973. The answer sought in (5) shall be made no later than March 23, 1973 and, if desired, replies to the material submitted in response to (1), (2), (3) and (4) may be made until that date.

So ordered.