AGRA CHEMICAL DISTRIBUTING CO., INC.; Central Suppliers, Inc.; Baker Chemical and Equipment Company, Inc.; George Simches, Plaintiffs,

v.

MARION LABORATORIES, INC.; Kalo Laboratories, Inc.; Scientific Research Corporation; Dr. Marvin J. Beasley, Individually, Defendants.

No. CIV–80–361C.

United States District Court,
W. D. New York.

June 29, 1981.

Thomas H. Shiah, Minneapolis, Minn., for plaintiffs.

Phillips, Lytle, Blaine, Hitchcock & Huber, Buffalo, N. Y. (Paul K. Stecker, Buffalo, N. Y., of counsel), for defendants Marion Laboratories, Inc., and Kalo Laboratories, Inc.

Birzon, Zakia & Rosa, Buffalo, N. Y. (Nelson F. Zakia, Buffalo, N. Y., of counsel), for defendants Scientific Research Corp. and Dr. Marvin L. Beasley.

CURTIN, Chief Judge.

This private antitrust action involves three corporate plaintiffs and one individual plaintiff against three corporate defendants and one individual defendant. Defendants have moved pursuant to Rule 12(b)(2), (3) of the Federal Rules of Civil Procedure to have the action dismissed for lack of personal jurisdiction and improper venue. In the alternative, defendants Marion Laboratories, Inc. [Marion], and Kalo Laboratories, Inc. [Kalo], have moved to have the action transferred under 28 U.S.C. §§ 1404(a) and 1406(a) to the Western District of Missouri. The remaining defendants, Scientific Research Corporation [SRC] and Dr. Beasley, the president of SRC, have also requested a change of venue. They argue that the appropriate forum is the Western District of Oklahoma.

Each plaintiff is engaged in the sale and distribution of certain agricultural chemical products. All name the product SLOGO as one of their principal sales items. SLOGO is a nitrogen regulator product, a chemical compound which, when added to liquid fertilizer solutions containing nitrogen, controls the release of nitrogen into the soil. SLOGO was marketed by defendant SRC in Texas in 1973. Between that time and 1976, SRC entered into distribution agreements with each of the plaintiffs, granting them exclusive territorial distribution rights. The basis of this complaint alleges an unlawful conspiracy which occurred in April of 1977, pursuant to which defendant Kalo, which is a wholly owned subsidiary of Marion, acquired corporate assets of SRC, specifically the formula for the manufacture of SLOGO. The plaintiffs contend that this action was a violation of the antitrust laws and violated certain of their contractual agreements with SRC.

The corporate plaintiffs are incorporated in New York (Agra Chemical Distributing Co., Inc.); Virginia (Central Suppliers, Inc.); and Delaware (Baker Chemical and Equipment Co., Inc.). Their principal places of business are located in their respective states of incorporation. The individual plaintiff, George Simches, is a citizen of Virginia. The corporate defendants are organized under the laws of Missouri (Kalo), Oklahoma (SRC), and Delaware (Marion). Marion's principal place of business is in Missouri, and the principal places of business for the remaining defendants are in their states of incorporation. Dr. Beasley is a citizen of Oklahoma.

Plaintiffs contend that both venue and personal jurisdiction are proper in this district. Plaintiffs claim that venue is established under section 12 of the Clayton Act, 15 U.S.C. § 22, and the general venue statute, 28 U.S.C. § 1391(b), and that there are sufficient contacts between the defendants and this district to establish personal jurisdiction.

It is clear that "special venue statutes are supplemented by, and to be read in the light of, liberalizing provisions of the general venue statutes . . . ." 15 Wright & Miller & Cooper § 3818, and *Pure Oil Co. v. Suarez*, 384 U.S. 202, 205, 86 S.Ct. 1394, 1396, 16 L.Ed.2d 474 (1966). Thus, venue is proper when defendant is an inhabitant of the district, or if it is doing business in the district, or when it is determined that the claim "arose" in the district within the meaning of 28 U.S.C. § 1391(b).

In determining where a claim "arises" under § 1391(b), the court must weigh the contacts between the events and parties involved in the action and the forum. *Leroy v. Great Western United Corp.*, 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979). Plaintiff Agra Chemical claims that the essence of this action is the destruction of its business and the elimination of competition in an economic market which includes New York. Plaintiffs contend that the defendants' contacts with New York regarding the alleged antitrust conspiracy include the intangible injuries to plaintiffs' business, various telephone calls from defendants to plaintiffs, and meetings in New York between Dr. Beasley and the plaintiffs regarding the distribution agreements. The court finds that these are not significant contacts, and "miniscule" contacts will not sustain venue. *Transamerica Corp. v. Transfer Planning, Inc.*, 419 F.Supp. 1261 (S.D.N.Y.1976).

Plaintiffs' alternative bases for personal jurisdiction and venue lie in their claims that the defendants are "transacting business" in New York. The test for transacting business for venue purposes under the antitrust laws is co-extensive with the test for personal jurisdiction under New York CPLR § 302. To determine whether a corporation is transacting business, we must look to "the actual unity and continuity of the whole course of [its] conduct." *United States v. Scophony Corp.*, 333 U.S. 795, 817, 68 S.Ct. 855, 866, 92 L.Ed. 1091 (1948). Among the factors to be examined are: (1) a place to do business; (2) people to carry on the business; (3) tangible property; (4) subjection to state regulation; (5) business operations; (6) manifestations of doing business; and (7) good will activities. *J. & B. & S. Restaurant Corp., Inc. v. Henry's Drive-In, Inc.*, 353 F.Supp. 389, 393 (W.D.N.Y.1973), quoting *Note, Venue in Private Antitrust Suits*, 37 N.Y.U.L.Rev. 268, 283 (1962).

Applying these factors to each defendant, it is clear that defendant Kalo lacks sufficient contacts with this district to sustain venue and jurisdiction. Kalo's only contact with New York is the fact that during the first 11 months of its fiscal year 1980, sales of Kalo's products in New York totalled $8,789.26. This is not the kind of substantial figure which, standing alone, will serve to support jurisdiction.

Defendant Marion's contacts with this district, on the other hand, are more substantial and are adequate to sustain jurisdiction and venue. Marion's New York sales amount to approximately 6 percent of its total net sales. It has employees in New York to solicit orders. The presence of these individuals is a substantial contact, and the cause of action against Marion need not be dismissed.

Defendant SRC has not had any business contacts with New York since 1977. Prior to that time, it appears that SRC was transacting business in New York. There is a split of authority regarding whether an antitrust plaintiff must establish sufficient contacts with the forum at the time the complaint is served, *Gem Corrugated Box Corp. v. Mead Corp.*, 189 F.Supp. 584 (S.D.N.Y.1960); *K. J. Schwartzbaum, Inc. v. Evans, Inc.*, 44 FRD 589 (S.D.N.Y.1968), or at the time the cause of action accrued, *California Clippers, Inc. v. U. S. Soccer Football Association*, 314 F.Supp. 1057, 1064 n.2 (N.D.Cal.1970), and cases cited therein. In the absence of a decision by the Second Circuit, the court is not, of course, bound by either rule. The court has carefully considered the cases cited and has decided to follow the first rule and measure SRC's contacts with this district at the time the complaint was served in December of 1980. At that time SRC had ceased all of its business practices in New York and was not transacting business. Therefore, the court lacks personal jurisdiction, and venue is improper regarding SRC.

In support of his motion to dismiss or transfer, the individual defendant, Dr. Beasley, argues that all of his actions in this forum were undertaken by him as an officer of SRC on behalf of SRC. It is well settled that an individual's presence solely

in his or her capacity as a corporate officer is not a proper basis of jurisdiction or venue against the individual personally. *Lehigh Valley Industries, Inc. v. Birenbaum*, 527 F.2d 87 (2d Cir. 1975); *Path Instruments International Corp. v. Asahi Optical Co.*, 312 F.Supp. 805 (S.D.N.Y.1970). This fiduciary shield will not protect the officer, however, if he or she has committed a tortious act within the state. New York CPLR § 302(a)(2), *Merkel Associates, Inc. v. Bellofram Corp.*, 437 F.Supp. 612 (W.D.N.Y. 1977). While plaintiffs have alleged that Dr. Beasley committed tortious actions in New York, the defendants have denied this, and plaintiffs have not offered evidence of any specific acts to support their contention or which would demonstrate that Dr. Beasley acted in any capacity other than a corporate capacity.

■ The court finds that it is without jurisdiction over three defendants and that venue is improper regarding these defendants. Rather than dismissing the action against these defendants, transfer of the entire action under 28 U.S.C. §§ 1404(a) and 1406(a) is appropriate even in the absence of personal jurisdiction or proper venue. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466, 82 S.Ct. 913, 915, 8 L.Ed.2d 39 (1962); *Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 79 (2d Cir. 1978).

■ The defendants are not in agreement among themselves regarding an alternative forum. We must consider the convenience of parties and witnesses in choosing the proper forum. Of the parties, only plaintiff Agra Chemical is a New York citizen. As stated before, the remaining plaintiffs are citizens of Delaware and Virginia. Defendants Beasley and SRC are Oklahoma citizens and have moved for a transfer to that district. Defendants Marion and Kalo are citizens of Missouri and have requested that forum. Plaintiffs have submitted a list of witnesses which shows that their witnesses will come from New York, Michigan, Ohio, Indiana, and Virginia. Defendants have also submitted a witness list which shows that all but one of their 12 witnesses reside in Kansas, Oklahoma, or Missouri. Defendants Marion and Kalo have stated that only Dr. Beasley himself resides in Oklahoma and that only two of the potential witnesses reside outside the metropolitan Kansas City area. During oral argument, the corporate defendants agreed that both venue and personal jurisdiction could be properly asserted in Missouri. (Defendant Beasley reserved his right to challenge jurisdiction over him in a personal capacity in any forum.)

Because the court finds that the convenience of most of the witnesses and most of the parties will be better served by trial in Kansas City rather than Oklahoma City, it is hereby ordered that this case be transferred to the Western District of Missouri.

So ordered.